HENRY J. EARLE *v.* TOWN OF WALLINGFORD.

*Town Bounty. Selectmen. Receipt.*

S. and R., two of the selectmen of the defendant town, went together to the plaintiff, to procure him to enlist to the credit of the defendant town, on its quota. S. was permitted by R. to negotiate with the plaintiff on behalf of the board of selectmen, and a contract was made. *Held*, that R. must be taken to have approved the hiring of the plaintiff, according to the contract made by S.; and the town, through their selectmen, having availed itself of the credit of the plaintiff under such contract, cannot, after

the performance of the contract on the part of the plaintiff, repudiate any part of the contract, for the reason that R. and the other members of the board of selectmen did not understand what were the terms of the contract made in their behalf by S.

No principle is better settled, than that a receipt is open to be explained, or contradicted by parol evidence.

ACTION OF ASSUMPSIT, declaring in the common counts, and also special counts, upon a contract by said town with the plaintiff to enlist to the credit of the town, on a quota which said town was then liable to fill under a call of the President of the United States, issued July 18, 1864, to recruit the army for putting down the rebellion. Trial by the court, September term, 1871, WHEELER, J., presiding.

On trial, it was conceded by the defendant town that the President of the United States issued a call on the 18th of July, 1864, for five hundred thousand men, to recruit the Union army then in the field ; that the proper authority duly made an assessment upon the several towns in the State, of their respective quotas under said call, and that the quota of the defendant town was five men ; also that the plaintiff was duly enlisted on the 6th day of August, 1864, and mustered into the United States service and assigned to company H, 1st Vermont cavalry, which was a Vermont organization of soldiers, on the 15th of August, 1864 : and that the plaintiff was duly accepted and accredited to the defendant town, and applied on their quota and counted one of said five men ordered to be raised by said town under the said call.

The defendant also conceded, on trial, that Henry Sherman, Jacob W. Gates and Samuel E. Rogers were selectmen of said defendant town for and during the year 1864.

The court, from the evidence, found the fact that Sherman and Rogers, two of said selectmen, went together to the plaintiff to procure him to enlist to the credit of the defendant on said quota ; that Sherman was permitted by Rogers to negotiate with the plaintiff in behalf of the defendant for the board of selectmen, and in that capacity Sherman did agree with the plaintiff that, in consideration that the plaintiff would enlist for the defendant on said quota, the defendant would pay the plaintiff three hundred dollars, and as much more as the defendant should pay any other man who should enlist and apply upon the same quota ; that the

defendant did pay some other men three hundred and fifty dollars, and one other man five hundred and fifty dollars, for enlisting to apply on said quota ; that neither Rogers nor Gates understood that the defendant was to pay the plaintiff any more than three hundred dollars. The defendant paid the plaintiff three hundred and fifty dollars, and took his receipt therefor, which is hereto annexed as a part hereof. When the defendant so paid the plaintiff, he knew that defendant had paid others three hundred and fifty dollars, but did not know that the defendant had paid any one five hundred and fifty dollars for enlisting on said quota.

The court also found that defendant had due notice that plaintiff did apply on their quota under said call ; also that said Sherman has deceased since this suit was brought.

The court rendered judgment for the plaintiff for two hundred dollars and interest, to which defendant excepted.

The receipt referred to in the exceptions was as follows :

" Rec'd, Wallingford, Oct. 27th, 1864, of E. Martindale, town treasurer, three hundred and fifty dollars, it being for bounty as agreed by selectmen for enlisting for one year in the army of the United States, in August, 1864.         HENRY J. EARLE."

*D. E. Nicholson,* for the defendant.

*Charles H. Joyce* and *Ebenezer Fisher,* for the plaintiff.

The opinion of the court was delivered by

PECK, J.   The authority of the selectmen to make the contract with plaintiff, which the county court found proved, is not questioned on the part of the defense.   The only objection urged to the validity of the contract is, that neither Rogers nor Gates, ( two of the three selectmen,) understood that the defendant was to pay the plaintiff any more than three hundred dollars.   But it appears that Sherman and Rogers, ( two of the selectmen,) went together to the plaintiff to procure him to enlist to the credit of the defendant town on its quota ; that Sherman was permitted by Rogers to negotiate with the plaintiff in behalf of the defendant for the board of selectmen, and in that capacity Sherman did agree with the plaintiff, that in consideration that the plaintiff

47

would enlist for the defendant on its quota, the defendant would pay the plaintiff three hundred dollars, and as much more as the defendant should pay any other man who should enlist and apply on the same quota. Rogers, having gone with Sherman to hire the plaintiff to enlist to the credit of the defendant, must be taken to have approved the hiring of the plaintiff for the purpose specified, leaving only the price to be agreed upon by Sherman, to whom he entrusted that duty. The town, through their selectmen, having availed itself of the credit of the plaintiff in pursuance of the contract, cannot, after the performance of the agreement by the plaintiff on his part, be permitted to repudiate any of its stipulations, by showing that Rogers and Gates did not understand that the price was to be more than three hundred dollars. Under the circumstances, the plaintiff must have had good reason to believe that Rogers, who came with Sherman on the business in question, was cognizant of, and consenting to, the agreement. The town can neither avoid the contract, nor limit it to the knowledge of Rogers and Gates of its details as to price. If Rogers acted in ignorance as to the amount of the price stipulated, it is not the fault of the plaintiff, and cannot be to his prejudice. Whether it was the fault of Sherman in not communicating the full details of the contract to his fellow-selectmen, or their fault in not inquiring, is immaterial to the rights of the plaintiff. To every legal and practical purpose, a majority of the selectmen must be taken to have assented to and sanctioned the contract according to its stipulations as negotiated by Sherman. Any other conclusion would be subtlety without sense, and refinement beyond reason, and contrary to justice. The case is stronger for the plaintiff than *Tarbell* v. *Plymouth*, 39 Vt., 429, as there was, in this case, no attempt on the part of the other selectmen to limit Sherman in the price he should agree to pay.

It is suggested by defendant's counsel that the proof was not sufficient to avoid the effect of the plaintiff's receipt. No principle is better settled than that a receipt is open to be explained and contradicted by parol evidence. It must be presumed that the evidence, upon which the court found the contract, was legal and sufficient in character and amount for that purpose, in the absence

of anything showing the contrary. Again, as the town claim to limit the contract to three hundred dollars, the receipt rather aids the claim of the plaintiff than otherwise. The fact that the town paid the plaintiff three hundred and fifty dollars, the same it paid some others who went on that quota, tends to show, that if not absolutely, at least upon some contingency, the plaintiff by the contract was to receive more than three hundred dollars. When the town paid the three hundred and fifty dollars, and took the plaintiff's receipt, the plaintiff knew the town had paid others, who went on that quota, three hundred and fifty dollars each; but he did not know the fact that it paid one man who went on that quota five hundred and fifty dollars. This explains the receipt, and shows it not at all inconsistent with the contract, as the plaintiff claims it, and as the county court found it proved. Had the town, when it paid the three hundred and fifty dollars, informed the plaintiff that it had paid to one man who went on that quota five hundred and fifty dollars, probably such a receipt would not have been given. No other objections to the decision of the county court are urged on the part of the defense.

Judgment affirmed.